**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TYRONE BODISON,** | Civ. No. 15-7556 (MCA) (MAH) |
| Plaintiff *Pro Se*, | |
| v. | **REPORT AND RECOMMENDATION** |
| **LEGACY UMDNJ/RUTGERS,** | |
| Defendants. | |

This matter comes before the Court on this Court's February 20, 2018 Order to Show Cause, D.E. 30, why Plaintiff Tyrone Bodison's Complaint should not be dismissed for failure to prosecute. Plaintiff failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

### I. BACKGROUND

Plaintiff filed the instant Complaint against Defendant Legacy UMDNJ/Rutgers on October 19, 2015. Complaint, D.E. 1. Plaintiff alleges that Defendant, in not granting him an interview for a supervisory position, discriminated against him based on gender and retaliated against him for previously filing charges with the Equal Employment Opportunity Commission. *Id.*

The Undersigned issued a Pretrial Scheduling Order on September 14, 2017 [D.E. 22]. On December 11, 2017, Defendant filed a letter informing the Court that, to date, it had not received any discovery from Plaintiff. The Court issued an Amended Scheduling Order on

December 11, 2017 [D.E. 26] in which Plaintiff was ordered to serve written discovery on Defendant and respond to Defendant's written discovery demands by December 31, 2017. *Id.* On January 16, 2018, Defendant filed a letter informing the Court that Plaintiff had not yet served his discovery demands and had not yet responded to their discovery demands. D.E. 27. In response to Defendant's letter, on January 30, 2018, the Undersigned ordered Plaintiff to "produce all overdue responses to Defendant's discovery requests on or before February 14, 2018." D.E. 28. On February 16, 2018, Defendants again submitted a letter informing the Court that it had not yet received any response from Plaintiff to its discovery demands. D.E. 29. Plaintiff also failed to appear for a telephone conference on February 20, 2018.

In response to this letter and Plaintiff's failure to appear for the telephone conference, the Court issued an Order to Show Cause on February 20, 2018. D.E. 30. The Order to Show Cause required Plaintiff to show cause, by March 12, 2018, why the Complaint should not be dismissed pursuant to Federal Rules of Civil Procedure 41 and sanctions imposed pursuant to Federal Rules of Civil Procedure 16(f) and 37. As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Order to Show Cause, or to file anything additional on the docket.

## II. LEGAL ANALYSIS

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b).

Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); s*ee also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

      i.    **The extent of the party's personal responsibility**

In the instant case, Plaintiff has failed to respond to any of Defendant's discovery requests. In addition, Plaintiff has failed to comply with the Order to Show Cause issued by the Undersigned on February 20, 2018, which directed Plaintiff to show cause in writing why his

3

complaint should not be dismissed for failure to prosecute his case pursuant to Fed. R. Civ. P. 41. As a result of Plaintiff's inaction, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon his suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that his failure to prosecute this matter is the fault of his counsel. *See*, e.g., *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as responding to Court Orders or explaining his inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that

4

plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff has not responded to any of the Defendant's discovery requests, clearly prejudicing the Defendant. Defendant has been unable to keep moving this case forward and prepare a defense of this matter because Plaintiff has stopped litigating this matter. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend himself. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Plaintiff has failed to respond to Defendant's discovery requests even after multiple orders from the Undersigned. Since Defendant's first letter on December 11, 2017 informing the Court of Plaintiff's failure to respond to discovery requests, Plaintiff has made no meaningful attempt to comply with that letter, subsequent letters, and multiple Court orders. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal. First, Plaintiff's failure to comply with the Court's orders or explain his inability to do so strongly suggests that Plaintiff has abandoned his claims.

5

*Porten*, 2011 WL 2038742, *3.  Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v.     **Meritoriousness of the Claim or Defense**

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders.  *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III.     CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal.  Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

<u>s/ Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Date: March 19, 2018